5-18-0444 Richardson v. Ward, etc. Mr. McDonnell, you have the floor. Thank you. May it please the Court. I don't know that I'm the one to do it, but it's good to see Judge Bowie up here. Thank you. I appreciate it. Down in Union County. Thank you. This is an automobile case with the Dead Man's Act involved. It happened in 2013. John Fitzpatrick died shortly after the accident, not related to it at all. The lawsuit was filed just before the statute of limitations ran, and procedurally there are motions. But anyway, we got past that, and there was a second amendment complaint filed. And after some discovery conducted by myself, the other side did zero discovery. I filed a motion for summary judgment based on the Dead Man's Act, contending that the plaintiff had absolutely no evidence that would be admissible. In this case, there were no witnesses to the accident. So at the time that the motion for summary judgment was argued, a reply was filed that day as well as a supplemental list of witnesses. And there were no affidavits, no information whatsoever what those witnesses might say. A couple of the witnesses were actually insurance adjusters for State Farm, which was the carrier for Fitzpatrick. Anyway, Judge Sternbeck granted our motion for summary judgment. Then there was a motion to reconsider that was filed. Once again, there was some argument, a list of people who might testify. There was never any indication of what they would say. We have no affidavits from any other witnesses. And so, I mean, rightfully, the court denied that motion to reconsider. And then on appeal, there's been, oh, a couple issues raised for the first time. And basically, it's kind of argued, well, State Farm paid property damage to Mr. Richardson rather shortly after the accident, long before the suit was filed, and that that somehow weighs the Dead Man's Act, and that's somehow an admission on the part of the estate of John Fitzpatrick. And it seems to me that if that would become the rule, no insurance company is ever going to pay property damage early on. If there's a possible, they're going to wait two years for a possible bodily injury claim. I mean, there's no basis whatsoever for that argument. The plaintiff in this case has presented nothing that could possibly move this case forward. You know, unfortunately, the Dead Man's Act can be somewhat tough on a party, but there are certainly ways around it. There's the NABAX or reconstruction. There are things that could be done. You'll see in this record that the plaintiff did zero discovery. There weren't interrogatories. There weren't depositions. The only deposition taken was my taking the deposition of the plaintiff. So, and I know this Court has considered a couple of Dead Man's Act cases in the last month, maybe, or so. They're argued. But those were, you know, radically different type cases. Nothing that would raise an issue in this case. So, I don't want to waste your time if you, I know you can read what I've already said, but if you do have any questions, I'm here and hopefully able to answer them. Most of my questions were for the appellant. Okay. All right. Well, unless you want to answer for the appellant. I could, if it's binding on her. That probably doesn't work that way, does it? All right. Well, thank you very much. There are no questions, so. All right. I appreciate you coming in and presenting for us. All right. Thank you. Thank you. Bye-bye. The Court will take the matter into consideration and issue its ruling in due course.